IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. DAVID MONCTON,           )
                             )
        Plaintiff,           )
                             )
   v.                        )   No. 03 C 3989
                             )
ARGONNE NATIONAL LABORATORY, )
                             )
        Defendant.           )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dr. David Moncton, a Massachusetts resident, has been employed by defendant Argonne National Laboratory ("Argonne"), located in Illinois, since 1988. Dr. Moncton sues his employer for promissory estoppel, fraud, breach of contract, injunctive relief, retaliatory breach of the covenant of good faith and fair dealing, and constructive discharge (Counts I-VI, respectively). On Argonne's motion, I dismissed Counts V (retaliatory breach) and VI (constructive discharge).

In 1988, Dr. Moncton was hired by Argonne as the associate laboratory director, with responsibility for the Advanced Photon Source project ("APS"). In 1999, Dr. Moncton was also appointed executive director for the Spallation Neutron Source ("SNS") at Oak Ridge National Laboratory in Tennessee ("Oak Ridge"). On November 20, 2000, Dr. Hermann Grunder, laboratory director of Argonne, informed Dr. Moncton that he could not continue to hold both positions. Dr. Moncton at the time had a standing offer to work

full-time as executive director of SNS. On December 21, he asked Dr. Grunder for assurances that if he declined the offer from Oak Ridge, he could continue as director of APS at Argonne. Dr. Grunder gave that assurance. Dr. Moncton declined the position at Oak Ridge on January 17, 2001.

On February 19, 2001, Dr. Grunder demanded that Dr. Moncton resign from his position as associate director of Argonne. On February 23, Dr. Moncton told Dr. Grunder that he refused to resign, but would consider other opportunities at Argonne. On March 13, Dr. Moncton entered into a contract with Argonne ("transition agreement") that outlined the terms for his move from associate laboratory director to senior scientist at Argonne. One provision of the transition agreement allegedly guaranteed research funding for Dr. Moncton. Argonne has not provided Dr. Moncton with the research funding allegedly guaranteed by the transition agreement. Dr. Moncton alleges that the failure to provide funds constitutes a breach of contract by Argonne, and moves for summary judgment on liability with respect to that claim (Count III). I grant that motion, for the reasons explained below.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); FED. R. CIV. P. 56(c). I must construe all facts in

the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

While Argonne concedes that the transition agreement with Dr. Moncton was a contract, it argues that some of the terms in Paragraph Three (the paragraph Dr. Moncton alleges has been breached) are too ambiguous to be enforced. Under Illinois law, unambiguous contracts must be enforced as written. *Alexian Bros. Health Providers Assoc., Inc. v. Humana Health Plan, Inc.*, 330 F. Supp. 2d 970, 974 (N.D. Ill. 2004)(Shadur, J.). The terms of a contract are ambiguous when they are "susceptible to more than one meaning or [are] obscure in meaning through indefiniteness of expression." *Fleet Business Credit, LLC v. Enterasys Networks, Inc.*, 816 N.E.2d 619, 629 (Ill. App. Ct. 2004).

The paragraph of the transition agreement at issue reads:

> The Laboratory will make $1,300,000 in LDRD and/or other funds available each year for three (3) years to Dr. Moncton for his research including responsibilities for the Laboratory's Fourth-Generation Initiative. Additionally, the Laboratory will use its best efforts to secure an equivalent amount of funding for Dr. Moncton from the Department of Energy.

Argonne argues that this paragraph is too ambiguous to be enforced for three reasons: (1) it is unclear what processes were meant to underlie the award of LDRD funds to Dr. Moncton; (2) the Department of Energy ("DOE") changed the standards for the award of LDRD funds shortly after the transition agreement was signed; and (3) the term "other funds" is too vague and ambiguous.

3

Dr. Moncton contends that Argonne has breached the contract because the contract unambiguously requires Argonne to make available to him $1,300,000 in either "LDRD" or "other funds" each year for three years. He argues that the plain meaning of the term "other funds" is that Argonne would provide the stated amount of funds without qualification. Therefore, I must determine whether the phrase "other funds" is ambiguous. *See Alexian Bros.*, 330 F. Supp. 2d at 974 (ambiguity, or lack thereof, is a matter of law for the court).

Disagreement between the parties as to the meaning of a contract term does not, in itself, create ambiguity. *Young v. Allstate Ins. Co.*, 812 N.E. 2d 741, 748 (Ill. App. Ct. 2004). Contract terms should ordinarily be given their plain and ordinary meanings. *Id.* Here, the plain and ordinary meaning of "other funds" would seem to be funds, other than those classified as LDRD funds, to which Argonne has access. Argonne does not propose an alternative meaning for the term, but argues that since the term "other funds" is not defined within the transition agreement, it is too ambiguous to be enforced. The fact that the term is not separately defined does not serve to make it ambiguous. *RBC Mortgage Co. v. Nat. Union Fire Ins. Co.*, 812 N.E. 2d 728, 735 (Ill. App. Ct. 2004).

Argonne also argues that Dr. Moncton added the phrase "and/or other funds" to the original draft of the transition agreement, and

4

that the phrase should therefore be construed against him. However, this canon of construction is a last resort in cases of defining ambiguous terms, not in determining whether ambiguity exists in the first place. *Thompson v. Amoco Oil Co.*, 903 F.2d 1118, 1121 n.3 (7th Cir. 1990).

Argonne suggests that Dr. Moncton's addition of the phrase "and/or other funds," which was incorporated in the final transition agreement by Argonne's human resources department, was somehow improper. Argonne states that it doesn't know what the phrase "other funds" means, only listing what it doesn't mean. Argonne does not go so far as to state that the only *available* funds for Dr. Moncton were LDRD funds, but suggests it. If Argonne meant to limit the promised available funds for Dr. Moncton to LDRD funds, the time to do so was in March 2001, when the transition agreement was signed. Furthermore, if Argonne's arguments about LDRD funds only becoming available upon approval of a specific proposal by the DOE are accurate, then its promise to make funds — of any type — available is meaningless, as Argonne did not control the DOE approval process. Further, if the only funds available to Dr. Moncton were LDRD funds, which issue on approval by the DOE, then Argonne's promise in the second sentence of Paragraph Three to support Dr. Moncton's efforts to obtain equivalent funding from the DOE is redundant.

Dr. Moncton's motion for summary judgment with respect to liability on Count III is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: February 14, 2005